UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| RUDOLPH TOWNS, | ) | Case No. 1:12 CV 2148 |
| Plaintiff | ) | |
| v. | ) | JUDGE SOLOMON OLIVER, JR. |
| GENERAL MOTORS, | ) | |
| | ) | MEMORANDUM OF OPINION |
| Defendant | ) | AND ORDER |

*Pro se* plaintiff Rudolph Towns filed the above-captioned action against defendant General Motors ("GM") on August 21, 2012. Upon initial review, this court issued an Order on September 28, 2012 advising Mr. Towns that there were no facts alleged in his Complaint that could be construed to set forth a valid federal claim for relief. Because Mr. Towns paid the filing fee, he was granted leave to amend his Complaint within 15 days before this court issued a *sua sponte* dismissal. *See Benson v. O'Brian*, 179 F.3d 1014 (6th Cir. 1999).

The deadline to file an amended complaint has now passed. As this court advised Mr. Towns in its September 28, 2012 Order, his "[f]ailure to comply with the court's order will result in dismissal of this action." (Order of 9/28/12). Accordingly, for the reasons set forth below, this action is dismissed.

*Background*

Mr. Towns was employed by the Fisher Body Division of GM in Cleveland, Ohio. In 1965, he allegedly suffered an injury at the plant. He claims GM refused to furnish information that was

necessary to "process this case." Since the date of his injury, Mr. Towns claims he has repeatedly requested information regarding his medical records. He believes GM's reluctance to cooperate is part of a conspiracy against him; perhaps, with his labor union.

After Mr. Towns suffered a concussion, he claims he was unable to recall "all of the evidence. So the General Motors Union Local (45) decided to shred the information or not mention it." (Compl. at 2). He complains he has never been compensated for the injury he suffered at the plant.

In addition to the Complaint, Mr. Towns attaches a photocopy of a Certificate of Retirement, indicating he retired from Fisher Body on June 1, 1982. Also attached are a signed Authorization for Release of Protected Health Information addressed to Huron Hospital, dated August 6, 2012, and a notarized affidavit signed by Mr. Towns on the same date as the Release.[1]

Based on these facts, Mr. Towns asks this court to award him compensatory and punitive damages. This includes an "update on his pension," and retroactive retirement benefits. He believes this case reflects an example of "clear cut discrimination" and negligence.

*Standard of Review*

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), a "district court may, at any time, *sua sponte* dismiss a complaint for lack of subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil procedure when the allegations of a complaint are totally implausible,

---

[1] While the medical release listed Mr. Town's "Current Address: [as] ... Fayetteville, NC 28301, the face of the Complaint he filed in this court is explicitly marked: "New Address . . . Ashtabula, OH 44004."

attenuated, unsubstantial, frivolous, devoid of merit or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999); *see Hagans v. Lavine*, 415 U.S. 528, 536-37 (1974) (citing numerous Supreme Court cases for the proposition that patently frivolous claims divest the district court of jurisdiction); *In re Bendectin Litig.*, 857 F.2d 290, 300 (6th Cir. 1988) (recognizing that federal question jurisdiction is divested by obviously frivolous and unsubstantial claims).

*Failure to State a Claim*

Liberally construing Mr. Towns's allegations in his favor and granting him the benefit of all inferences to be derived from the facts alleged, the court finds the Complaint fails to state any federal claim for relief.

As a threshold matter, Mr. Towns never states any basis for this court's jurisdiction. Before reaching the merits of a case, federal courts are obliged to ensure that they enjoy subject matter jurisdiction to address the complaint. *See Sinochem Intern. Co. Ltd. v. Malaysia Intern. Shipping Corp.*, 549 U.S. 422, 430-431 (2007)("[A] federal court has leeway to choose among threshold grounds for denying audience to a case on the merits.") (internal quotation marks omitted). "Without jurisdiction, a court cannot proceed at all in any cause; jurisdiction is power to declare law, and when it ceases to exist, the only function remaining to court is that of announcing the fact and dismissing cause." *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94 (1998)) (citation omitted).

The facts alleged in the Complaint "lack the legal plausibility necessary to invoke federal subject matter jurisdiction." *Apple*, 183 F.3d at 480 (citing *Dilworth v. Dallas County Community College Dist.*, 81 F.3d 616, 617 (5th Cir.1996)(ruling that a college student's civil rights action against his college and his English professor after his "A" in English was reduced to a "B" because

he was tardy for six classes and counted as absent was frivolous, insubstantial, and insufficient to invoke federal question jurisdiction)). There are no statements or references in the Complaint that would suggest this court's jurisdiction over the matter. And principles requiring generous construction of *pro se* pleadings are not without limits. *Beaudett v. City of Hampton*, 775 F.2d 1274, 1277 (4th Cir. 1985).

To avoid summary dismissal, a plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *see Ashcroft v. Iqbal*, 550 U.S. ——, 129 S.Ct. 1937, 1949 (2009) ("[A] complaint will [not] suffice if it tenders 'naked assertions devoid of further factual enhancement.'" (quoting *Twombly*., 550 U.S at 557)). Recently, the Sixth Circuit explored the scope of *Twombly* and *Iqbal,* noting that "even though a complaint need not contain detailed factual allegations, its '[f]actual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true." *New Albany Tractor v. Lousiville Tractor, et al.*, 650 F.3d 1046, 1051 (6th Cir. 2011) (quoting *Twombly*, 550 U.S. at 555.)

Mr. Towns's Complaint never rises above the speculative level. The court is left to guess the nature of his Complaint and whether any basis exists to exercise federal jurisdiction. This is neither the role of the court nor is it sufficient to cross the threshold of basic pleading requirements in federal court. *See* FED. CIV. R. 8 (complaint must only provide "a short and plain statement of the claim" made by "simple, concise, and direct allegations."); *see also Morgan v. Church's Fried Chicken*, 829 F.2d 10, 12 (6th Cir. 1987)(legal conclusions alone are not sufficient to present a valid claim, and court is not required to accept unwarranted factual inferences).

*Conclusion*

Accordingly, Mr. Towns's Complaint is dismissed for failing to state a federal claim for relief. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[2]

        IT IS SO ORDERED.

        /s/ SOLOMON OLIVER, JR.
        CHIEF JUDGE
        UNITED STATES DISTRICT COURT

October 24, 2012

---

[2] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.